Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

GREGORY W. KUGLE                    6502-0
gwk@hawaiilawyer.com
TRICIA K. FUJIKAWA LEE              8484-0
tkfl@hawaiilawyer.com
CHRISTI-ANNE H. KUDO CHOCK          8893-0
chkc@hawaiilawyer.com
1600 Pauahi Tower
1003 Bishop Street
Honolulu, Hawai`i 96813
http://www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile: (808) 533-2242

Attorneys for Plaintiff
 HORIZON LINES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| HORIZON LINES, LLC, | ) | CIVIL NO.08-00039 JMS-LEK |
| | ) | (In Admiralty) |
| Plaintiff, | ) | |
| | ) | **FINDINGS AND** |
| vs. | ) | **RECOMMENDATIONS FOR ENTRY** |
| | ) | **OF DEFAULT JUDGMENT;** |
| KAMUELA DAIRY, INC., JOSE | ) | **CERTIFICATE OF SERVICE** |
| DUARTE, Individually and in his capacity | ) | |
| as President, | ) | |
| | ) | **Hearing on Motion for Default Judgment** |
| Defendants. | ) | **June 2, 2008, at 10:00 a.m., before the** |
| | ) | **Honorable Magistrate Judge Leslie E.** |
| | ) | **Kobayashi** |
| | ) | |

## FINDINGS AND RECOMMENDATIONS
## FOR ENTRY OF DEFAULT JUDGMENT

The Motion by Plaintiff HORIZON LINES, LLC ("Plaintiff"), for entry of default judgment, having come on for hearing on June 2, 2008, at 10:00 a.m., before the Honorable Leslie E. Kobayashi, Judge of the above-entitled Court; and the Court having heretofore entered an Order of Default against Defendants KAMUELA DAIRY, INC. and JOSE DUARTE ("Defendants"); with Tricia K. Fujikawa Lee, Esq. appearing for Plaintiff and no appearance made by Defendants, and upon review of the record and files herein, including said Motion for Entry of Default Judgment, the Affidavit of Gregory W. Kugle and the Declarations of Thaddeus O'Sullivan, Erica Compton, and Tricia K. Fujikawa Lee in support thereof, and being otherwise advised in the premises,

IT IS FOUND AND RECOMMENDED that Plaintiff HORIZON LINES, LLC shall have judgment against Defendants KAMUELA DAIRY, INC. and JOSE DUARTE for the following reasons:

1.      Plaintiff filed its Complaint By Carrier to Recover Ocean Freight Charges ("Complaint") on January 25, 2008, alleging Defendants have failed to pay ocean freight and charges for transportation of cargo from Oakland, California to Kawaihae, Hawaii;

2.      On February 5, 2008, the Complaint and Summons were effectively served on Defendants by certified mail return receipt requested; and said Complaint and Summons were received on February 19, 2008, as evidenced by the Affidavit of Service by Certified Mail Upon Defendants Kamuela Dairy, Inc., and Jose Duarte as to Complaint by Carrier to Recover Ocean Freight Charges, Filed January 25, 2008, filed herein on March 19, 2008;

3.      Defendants are neither infants nor incompetent persons, as evidenced by the Affidavit of Gregory W. Kugle filed herein on May 1, 2008;

4.      Defendant KAMUELA DAIRY, LLC, executed and entered into a

Settlement Agreement with Plaintiff on December 12, 2006, agreeing to pay Plaintiff monthly installments toward the total amount owed of $44,108.61 for ocean freight services provided by Plaintiff ("Settlement Agreement");

5. Pursuant to the payment schedule in the Settlement Agreement, Defendants made eleven (11) installment payments to Plaintiff in the amount of $1,000.00 each, but defaulted by failing to pay Plaintiff any payments after October 14, 2007;

6. After the Complaint was filed and served on Defendants, Plaintiff received a check for $1,000.00 from Defendants' counsel, to be applied to his clients' debt, leaving the remaining balance owed $32,108.61, exclusive of interest, fees and costs;

7. The Settlement Agreement provides that:

> In the event that any default arises in the payment of any installment due Horizon, then at the option of Horizon or other Agreement holder, the entire unpaid principal amount of this Agreement, together with accrued interest, shall become due and payable without notice. In the event that any default arises in the payment of any installment due Horizon, interest shall be calculated on the balance owed at Twelve Percent (12%) per annum from December 20, 2006.

Settlement Agreement ¶7;

8. The Settlement Agreement further provides that:

> In the event that Kamuela does not make the payments as outlined in paragraphs 3 and 5 of this Agreement, then Horizon is entitled to enforce this Agreement fully. Kamuela agrees that if it becomes necessary for Horizon to employ counsel to collect the amount owed to Horizon under this Agreement and in anyway to enforce the terms of this Agreement, Kamuela agrees to pay all reasonable costs of collection and enforcement, including reasonable attorneys' fees and costs for legal services involved. . . .

Settlement Agreement ¶8;

9. Failing to appear or otherwise respond to the Complaint by the appointed time, default was entered by the Clerk of this Court against the Defendants on March 20, 2008;

10.     Defendants were served with Plaintiff's Motion for Entry of Default Judgment, filed May 1, 2008, as evidenced by the Certificate of Service filed herein on May 1, 2008;

11.     As noted above, the Motion for Entry of Default Judgment came on for hearing on June 2, 2008, at 10:00 a.m., before the Honorable Leslie E. Kobayashi, Magistrate Judge of the above-entitled Court, but Defendants failed to appear and/or file any opposition thereto;

12.     Defendants are liable for the unpaid ocean freight and charges in the principal amount of $32,108.61, which is still due and owing to Plaintiff, as evidenced by the Declaration of Erica Compton filed herein on May 1, 2008;

13.     Likewise, as provided for in the Settlement Agreement, Defendants are liable to Plaintiff for interest incurred, at a rate of twelve percent (12%) per annum accumulated from December 20, 2006, to April 30, 2008, in the amount of $5,398.68, taking into consideration the $1,000.00 payment made by Defendants on March 27, 2008;

14.     Likewise, Defendants are liable to Plaintiff for its reasonable attorneys' fees and costs incurred in collecting the unpaid ocean freight and charges, as provided in the Settlement Agreement, and as evidenced by the Affidavit and Declarations, which were filed herein on May 1, 2008 and on June 6, 2008.

a.     Plaintiff requests the following attorneys' fees for work performed by local counsel, Damon Key Leong Kupchak Hastert ("Damon Key"):

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Gregory W. Kugle | 4.2 | $280 | $1,176.00 |
| | 4.1 | $290 | $1,189.00 |
| Tricia Fujikawa Lee | 11.1 | $160 | $1,776.00 |
| C.-A. Kudo Chock | 8.7 | $145 | $1,261.50 |
| | 7.0 | $150 | $1,050.00 |
| emk | 0.2 | $130 | $    26.00 |
| | | Subtotal | $6,478.50 |
| | | State Excise Tax of 4.712% | $   305.27 |
| | | TOTAL REQUESTED LODESTAR | $6,783.77 |

Plaintiff also requests the following attorneys' fees for work performed by Holmes, Weddle, & Barcott, Plaintiff's counsel in Seattle, Washington:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| T. O'Sullivan | 4.8 | $140 | $672.00 |
| William De Voe | 0.1 | $210 | $ 21.00 |
| | 0.6 | $215 | $129.00 |
| | | TOTAL | $822.50 |

      b.    Mr. Kugle was admitted to the Hawaii bar in 1995 and is a director at Damon Key.  Ms. Fujikawa Lee graduated from law school in 2005 and was admitted to the Hawaii bar in 2006.  Ms. Kudo Chock was admitted to the Hawaii bar in 2007.  Mr. O'Sullivan graduated from law school in 2005, and Mr. De Voe graduated in 1987.  Mr. De Voe is a shareholder in Holmes, Weddle, & Barcott.

      c.    The Court finds that the requested hourly rates for Mr. Kugle, Ms. Fujikawa Lee, and Ms. Kudo Chock are excessive.  The Court finds the following hourly rates to be reasonable: Mr. Kugle - $250; Ms. Fujikawa Lee - $140; and Ms. Kudo Chock - $130.  The Court finds the requested hourly rates of $140 for Mr. O'Sullivan and $210 for Mr. De Voe to be manifestly reasonable.[1]

      d.    The Court finds that the work done by "emk" is not compensable because it was clerical in nature.  The Court finds that the reminding hours Damon Key spent on the case were reasonable, but that some of the work Holmes, Weddle, & Barcott did on the case was duplicative of work done by Damon Key.  The Court will therefore deduct 0.2 hours from Mr. De Voe's time and 0.8 hours from Mr. O'Sullivan's time.

      e.    Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

---

[1] The Court notes that most of Mr. De Voe' time was charged at $215 per hour, but Plaintiff did not provide any support for the higher rate.

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Gregory W. Kugle | 8.3 | $250 | $2,075.00 |
| Tricia Fujikawa Lee | 11.1 | $140 | $1,554.00 |
| C.-A. Kudo Chock | 15.7 | $130 | $2,041.00 |
| | | Subtotal | $5,670.00 |
| | | State Excise Tax of 4.712% | $  267.17 |
| | | DAMON KEY TOTAL | $5,937.17 |

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| T. O'Sullivan | 4.0 | $140 | $560.00 |
| William De Voe | 0.5 | $210 | $105.00 |
| HOLMES, WEDDLE, & BARCOTT TOTAL | | | $665.00 |

f.      Plaintiff requests the following costs and expenses incurred by Damon

Key in connection with this case:

| Long Distance Telephone | $   5.77 |
|--------------------------|----------|
| Postage | $ 27.93 |
| Photocopying | $102.40 |
| Messenger Fees | $ 15.00 |
| Legal Research | $111.55 |
| TOTAL | $262.65 |

Plaintiff also requests the following costs and expenses incurred by Holmes, Weddle, & Barcott in

connection with this case:

| Courier Services | $52.70 |
|------------------|--------|
| Computer Research | $ 3.01 |
| TOTAL | $55.71 |

g.      Plaintiff has submitted adequate supporting documentation for these

expenses and the Court finds that they were necessarily incurred in this case and are the type of costs

that are typically charged to fee paying clients.  The Court, however, notes that Damon Key apparently

charged $0.20 per page for 512 pages of in-house copies.  The practice in the district court is to allow

up to $0.15 per page for in-house copying.  See Local Rule LR54.2(f)4.  The Court will therefore

reduce Plaintiff's cost request by $0.05 per page.

h.      Based on the foregoing, this Court finds that Plaintiff has established the

appropriateness of an award of costs as follows:

| | |
|---|---|
| Long Distance Telephone | $   5.77 |
| Postage | $  27.93 |
| Photocopying | $  76.80 |
| Messenger Fees | $  15.00 |
| Legal Research | <u>$111.55</u> |
| DAMON KEY TOTAL | $237.05 |
| | |
| Courier Services | $52.70 |
| Computer Research | <u>$  3.01</u> |
| HOLMES, WEDDLE & BARCOTT TOTAL | $55.71 |

THEREFORE, IT IS HEREBY FOUND AND RECOMMENDED that Plaintiff  shall

have judgment against Defendants as follows:

1.     Judgment Creditor - HORIZON LINES, LLC

2.     Judgment Debtor - KAMUELA DAIRY, INC. and JOSE DUARTE

3.     Principal judgment amount     $32,108.61

       Interest     $ 5,398.68

       Attorneys' Fees     $ 6,602.17

       Costs     <u>$    292.76</u>

       Total Judgment     $44,402.22

4.     Attorney for judgment creditor - Gregory W. Kugle, of Damon Key Leong

Kupchak Hastert, Suite 1600, Pauahi Tower, 1003 Bishop Street, Honolulu, Hawai`i 96813.

     DATED:  Honolulu, Hawai`i,  June 16, 2008.



     /S/ Leslie E. Kobayashi
     Leslie E. Kobayashi
     United States Magistrate Judge

---

*HORIZON LINES, LLC v. KAMUELA DAIRY, INC., JOSE DUARTE, et al.*; Civil No. 08-00039 JMS-LEK; **FINDINGS AND RECOMMENDATIONS FOR ENTRY OF DEFAULT JUDGMENT**.