IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HORIZON LINES, LLC, | ) | CIVIL NO. 08-00039 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KAMUELA DAIRY, INC., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**AMENDMENT TO FINDINGS AND RECOMMENDATIONS FOR
ENTRY OF DEFAULT JUDGMENT, FILED JUNE 16, 2008**

On May 1, 2008, Plaintiff Horizon Lines, LLC ("Plaintiff") filed its Motion for Default Judgment as to Kamuela Dairy, Inc. and Jose Duarte ("Motion").[1] Plaintiff sought judgment in the amount of $45,536.17, representing $32,108.61 for freight services owed Plaintiff, interest in the amount of $5,398.68, $7,605.77 in attorneys' fees, and $318.36 in costs.[2]

On June 16, 2008, this Court issued its Findings and Recommendations for Entry of Default Judgment ("F&R"). This Court recommended that the district judge grant the Motion and award Plaintiffs the principal judgment amount of $32,108.61 and

---

[1] Defendants Kamuela Dairy, Inc. and Jose Duarte will be referred to collectively as "Defendants".

[2] The Motion requested $7,605.77 in attorney's fees and $423.11 in costs, for a total of $8,028.88. After the hearing on the Motion, however, Plaintiff reduced its request for costs because it was unable to provide supporting information about some of the costs items. [Decl. of Tricia K. Fujikawa Lee in Supp. of Motion, filed June 6, 2008, at ¶¶ 4-5.]

interest of $5,398.68.  This Court, however, recommended that the district judge reduce the attorneys' fees award to $6,602.17 and reduce the costs award to $292.76.  This Court recommended the reduction in the attorneys' fees award in part because this Court found that the requested hourly rates for Plaintiff's local counsel, Damon Key Leong Kupchak Hastert ("Damon Key"), were excessive.  Plaintiff sought $280 and $290 per hour for Gregory W. Kugle, Esq., $160 per hour for Tricia K. Fujikawa Lee, Esq., and $145 and $150 per hour for Christi-Anne H. Kudo Chock, Esq.  The Court noted that Mr. Kugle was admitted to the Hawaii bar in 1995 and is a director at Damon Key.  Ms. Fujikawa Lee and Ms. Kudo Chock were admitted to the Hawaii bar in 2006 and 2007, respectively.  This Court found that the following hourly rates were reasonable: Mr. Kugle - $250; Ms. Fujikawa Lee - $140; and Ms. Kudo Chock - $130.

   Plaintiff filed objections to the F&R on June 27, 2008.  Plaintiff argued that the district judge should accept the F&R, except for this Court's finding regarding Damon Key's hourly rates.  Plaintiff argued that the district judge should award the requested hourly rates.  On July 16, 2008, the district judge recommitted the Motion to this Court for clarification why Damon Key's requested hourly rates were unreasonable.[3]

---

[3] The district judge deemed Plaintiff's objections to the F&R moot, without prejudice to refiling.

2

This Court held a status conference on the matter on August 5, 2008 and granted Plaintiff leave to file supplemental materials in support of the requested hourly rates.  On August 8, 2008, Plaintiff filed its Supplemental Declaration of Gregory W. Kugle in Support of the Motion ("Supplemental Declaration").  Plaintiff argues that Damon Key's requested hourly rates are reasonable and reflect the prevailing market rates in the community for similar services by attorneys of comparable skill, experience, and reputation.  Plaintiff submitted a Pacific Business News listing of the reported hourly rates for partners and associates in the top twenty-five Hawaii law firms.  [Suppl. Decl. of Gregory W. Kugle in Supp. of Motion ("Suppl. Kugle Decl.") at Exh. 5.]  Plaintiff argues that the law firms which refused to report their rates presumably have higher rates than the firms that did report, [id. at ¶ 13,] and the "firms with obviously lower rates tend to be those with substantial personal injury/insurance defense practices, which in this market typically have lower hourly rates because of, *inter alia*, the volume and consistence of work."  [Id. at ¶ 11 n.1.]

Plaintiff essentially asks the Court to award the rates that Damon Key actually charged Plaintiff because these rates are consistent with the rates charged by law firms of similar size and practice type.  Plaintiff asks this Court to disregard the rates of attorneys with similar skill, experience, and

3

reputation, merely because their law firms handle more personal injury or insurance defense cases than Damon Key does. That is not the standard for determining a reasonable hourly rate for the purpose of determining an award of fees. Unlike a billing statement presented to a client by a law firm, an attorney's fee award is determined by the court and thus may be enforced as a court order.

In determining a reasonable hourly rate, courts consider "the experience, skill, and reputation of the attorney requesting fees." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (citation and quotation marks omitted). It is well established that

> the determination of a reasonable hourly rate is not made by reference to the rates actually charged the prevailing party. Rather, billing rates "should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." Davis [v. City & County of San Francisco], 976 F.2d [1536,] 1545 [(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993)]; see also Carson v. Billings Police Dep't, 470 F.3d 889, 892 (9th Cir.2006) (holding that the prevailing market rate-not the individual contract between the applicant attorney and the client-"provides the standard for lodestar calculations").

Id. (some citations and quotation marks omitted). Plaintiff itself cited a number of other factors that are relevant to the determination of a reasonable fee, including "the time and labor required, the novelty and difficulty of the questions involved,

4

and the skill requisite to perform the legal service properly;" and "the amount involved and the results obtained". [Suppl. Kugle Decl. at ¶ 7 (citing Haw. Rules of Prof'l Conduct Rule 1.5).]

Thus, this Court must determine the prevailing market rate charged by attorneys of similar skill, experience, and reputation for work of the type performed in this case. Plaintiff cites no caselaw supporting its argument that the lower rates of law firms which handle more personal injury or insurance defense case should not be considered in determining the prevailing market rate. Certainly there are attorneys of similar skill, experience, and reputation to Mr. Kugle, Ms. Fujikawa Lee, and Ms. Kudo Chock at law firms such as Kobayashi Sugita & Goda (partner rates start at $185 and associate rates start at $125), Watanabe Ing & Komeiji (partner rates start at $200 and associate rates start at $125), Ashford & Wriston (partner rates start at $190 and associate rates start at $135), and Ayabe Chong Nishimoto Sia & Nakamura (partner rates start at $150 and associate rates start at $120), even if those law firms handle more personal injury or insurance defense cases than Damon Key does. The Court therefore considers the rates charged by these firms, in addition to the rates charged by other firms that are comparable to or higher than Damon Key's rates.

The instant case arises from Plaintiff's attempt to

collect payments owed under a settlement agreement.  Defendants did not appear and apparently do not contest Plaintiff's entitlement to the payments.  Plaintiff filed the Complaint on January 25, 2008 and filed its Motion on May 1, 2008.  In a little over four months, three Damon Key attorneys, and apparently one staff person, billed a total of 35.3 hours.  The total judgment requested in the Motion was $45,536.17, which, while significant to Plaintiff, is relatively small in comparison to other actions litigated by attorneys of similar skill, experience and reputation.  Thus, in determining the reasonable hourly rates in this case, this Court gives great weight to the fact that this was a simple legal matter that was entirely unopposed and thus required relatively less of counsel's time and no particular area of expertise or specialized knowledge than, for instance, an ERISA action, a union negotiation dispute, or a civil rights lawsuit.

   This Court will also consider prior awards and recommended awards of attorneys' fees to Mr. Kugle and Ms. Fujikawa Lee in this district.  Plaintiff cites <u>Maersk Inc. v. Hartmann Metals Corp.</u>, CV 04-00652 HG-BMK, Special Master's Report Recommending that Plaintiff's Motion for Attorneys' Fees, Costs and Prejudgment Interest Be Granted in Part and Denied in

Part (Jan. 29, 2007).[4]  Although the magistrate judge recommended various reductions to the number of hours counsel requested, he did not reduce counsel's hourly rate.  Plaintiff presents that Maersk included work from 2004 to 2006 and that Mr. Kugle's hourly rates were $230 in 2004 and $260 in 2006.  Ms. Fujikawa Lee's hourly rate as a first year associate was $130.  [Kugle Suppl. Decl. at ¶¶ 16, 18.]  The Court was not able to find another recent case where a party sought attorney's fees billed by Mr. Kugle.

Finally, the Court also considers the hourly rates that it has recommended in other types of cases.  While not directly on point because the attorneys provided different types of work, the Court finds that it helpful to consider the range of rates awarded in all cases, regardless of subject matter.  In Ware v. Chertoff, CV 04-00671 HG-LEK, a Title VII case that proceeded to trial and which involved extensive and unique discovery issues, this Court recommended that counsel, who had been practicing law in Hawaii since 1981, be awarded $280 per hour.  [Report of Special Master on Plaintiff's Motion for Attorney's Fees and Related Non-Taxable Costs, filed June 27, 2008.]  The district judge adopted this Court's Report of Special Master on August 12, 2008.  In Goray v. Unifund CCR Partners, CV 06-00214 HG-LEK, an

---

[4] The defendant filed objections to the Special Master's Report, but the parties settled the case before the district judge ruled on the objections.

7

action under the Fair Debt Collection Practices Act, this Court recommended that counsel, who had been practicing law since 1976 be awarded $280 per hour.  [Report of Special Master on Plaintiff's Motion for Attorney's Fees and Costs, filed June 13, 2008.]  The district judge adopted this Court's Report of Special Master on July 11, 2008.  In <u>Kajitani v. Downey Savings & Loan Ass'n, et al.</u>, CV 07-00398 SOM-LEK, this Court imposed sanctions upon setting aside an entry of default and ordered Downey to pay the plaintiffs' attorney's fees.  This Court awarded counsel, who had been practicing law since 1969, $280 per hour.  [Order Awarding Attorney's Fees and Costs, filed Apr. 1, 2008.]  Downey did not appeal this matter to the district judge.

      Consistent with <u>Maersk</u>, and having considered the other factors discussed *supra*, this Court FINDS that a reasonable hourly rate for Mr. Kugle is $260 and a reasonable hourly rate for Ms. Kudo-Chock, a first year associate, is $130.  This Court also finds that a reasonable hourly rate for Ms. Fujikawa Lee is $140.  Although Plaintiff argues that the rates should be increased because the market rates have increased since 2006, the Court declines to do so.  The Court's rates are within the range of rates charged by lawyers of comparable skill, experience, and reputation, and are reasonable for the type of work required in this case.  Of all these factors, for this specific matter, the Court has particularly focused on the type of work done in this

8

case.

Based on the foregoing and for the reasons set forth in the F&R, this Court FINDS that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Gregory W. Kugle | 8.3 | $260 | $2,158.00 |
| Tricia Fujikawa Lee | 11.1 | $140 | $1,554.00 |
| C.-A. Kudo Chock | 15.7 | $130 | $2,041.00 |
| | | Subtotal | $5,753.00 |
| | State Excise Tax of 4.712% | | $ 271.08 |
| | DAMON KEY TOTAL | | $6,024.08 |

The Court RECOMMENDS that the district judge award Plaintiff attorneys' fees in the amount of $6,024.08.  The Court's findings and recommendations from the F&R that are not specifically addressed herein remain unchanged.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 3, 2008.



　　　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　United States Magistrate Judge

**HORIZON LINES, LLC. V. KAMUELA DAIRY, INC., ET AL; CV NO 08-00039 JMS-LEK; AMENDMENT TO FINDINGS AND RECOMMENDATIONS FOR ENTRY OF DEFAULT JUDGMENT, FILED JUNE 16, 2008**